**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| TANENANKHAHA ANDREWS,        Plaintiff, | ) ) ) | |
| v. | ) ) | 3:04-CV-1614-P |
| CIT GROUP/CONSUMER FINANCE, et al.,        Defendants. | ) ) ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on March 16, 2005, Plaintiff's motion for leave to proceed *in forma pauperis*, filed on July 26, 2004, has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

   <u>Type of Case</u>:  This is a civil rights action.

   <u>Parties</u>:  Plaintiff is a resident of Richardson, Texas. Defendants are CIT Group/Consumer Finance and Thomas B. Hallman. No process has been issued in this case.

   <u>Statement of Case</u>:  On July 26, 2004, Plaintiff filed the complaint in this action along with a motion to proceed *in forma pauperis*. On March 21, 2005, the Magistrate Judge ordered Plaintiff to provide additional financial information in support of the request to proceed *in forma pauperis*. As of the date of this recommendation, Plaintiff has failed to comply with the March 21, 2005 order. Nor has he paid the $150.00 filing fee.

   <u>Findings and Conclusions</u>:  Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the

federal rules or any court order. <u>Larson v. Scott</u>, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." <u>Boudwin v. Graystone Ins. Co., Ltd.</u>, 756 F.2d 399, 401 (5th Cir. 1985) (citing <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to provide additional financial information in support of the request to proceed *in forma pauperis*. He has refused or declined to do so. Nor has he tendered the required $150.00 filing fee in lieu of his request to proceed *in forma pauperis*. Therefore, this action should be dismissed for want of prosecution.

<u>RECOMMENDATION</u>:

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 25th day of May, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.